UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 10-202 |
| STEVEN EARL HARDRICK | SECTION "R" |

**ORDER & REASONS**

Before the Court is defendant's Motion to Extend Date of Defense Meeting with the Department of Justice and the Deadline for the Government to File Notice of Whether it Intends to Seek the Death Penalty.[1]  For the following reasons, the Court DENIES the motion.

**I.   BACKGROUND**

On July 9, 2010, the government filed a ten-count indictment charging Steven Earl Hardrick with numerous offenses, including offenses subject to the death penalty.[2]  Specifically, defendant is charged with one count of carjacking resulting in death in violation in 18 U.S.C. § 2119(3) (Count 1); one count of witness tampering resulting in death in violation of 18 U.S.C. §§ 1512(a)(1)(c) and 1512(a)(3)(A) (Count 2); two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts 3 and 4); one count of possessing

---

[1]  R. Doc. 48.

[2]  R. Doc. 1.

a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count 5); two counts of using and carrying a firearm during and in relation to carjacking or witness tampering in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Counts 6 and 7); and three counts of use and carrying of a firearm during and in relation to a carjacking or witness tampering resulting in death in violation of 18 U.S.C. § 924(j)(1).[3]

Robert Toale was appointed to represent Steven Hardrick on August 30, 2010 and Michelle Fournet was appointed on September 14, 2010.[4] Soon thereafter, the Court granted defendant's motion for appointment of a mitigation investigator. The Court also granted each of defendant's additional motions for appointment of experts in this case. The Court notes that to date, the defendant has spent a substantial amount of funds in attorney and expert fees and expenses.

Initially, the trial in this matter was set for December 6, 2010.[5] On November 16, 2010, the Court granted defendant's motion to continue the pretrial conference and the trial.[6]

The Court waited until March 3, 2011 to set a 90-day deadline for the government to file a notice under 18 U.S.C. §

---

[3] *Id.*

[4] R. Doc. 8; R. Doc. 12.

[5] R. Doc. 17.

[6] R. Doc. 24.

3593(a) stating whether it would seek the death penalty.[7]  On April 20, 2011, the defendant filed a motion requesting that the Court extend the deadline for the government to file its notice of whether it would seek the death penalty.[8]  In this motion, defendant stated that "[i]t is likely, based on counsel's discussions with opposing counsel, that the Department of Justice will extend the date for a meeting with defense counsel upon extension of the deadline set by the Court."[9]  The government did not oppose defendant's motion.  On April 21, 2011, the Court held a hearing and granted defendant's motion, extending the deadline for the government to file its notice of whether it would seek the death penalty to September 6, 2011.[10]

On June 20, 2011, defendant filed the present Motion to Extend Date of Defense Meeting with the Department of Justice and the Deadline for the Government to File Notice of Whether it Intends to Seek the Death Penalty.  In the motion, defendant asks the Court to order the Department of Justice to extend the scheduled June 27, 2011 date for presentation of mitigation evidence to the Capital Case Review Committee.  Additionally, defendant moves the Court to extend the September 6, 2011

---

[7]  R. Doc. 43.

[8]  R. Doc. 44.

[9]  R. Doc. 44-1 at 3 n.2.

[10]  R. Doc. 46; R. Doc. 47.

deadline for the government to file its notice of whether it intends to seek the death penalty. The government opposes the motion.

## II. DISCUSSION

Defendant first moves the Court to order the DOJ to extend the June 27, 2011 date set by the DOJ for the presentation of mitigation evidence to the Capital Case Review Committee. Defendant asserts that the Court can extend the date set by the DOJ based on the Court's authority to ensure the speedy and orderly administration of justice and to manage its docket. Defendant also argues that the current June 27, 2011 meeting date violates his right to effective assistance of counsel. Additionally, defendant asserts that the current meeting date violates the spirit of the Guide to Judiciary Policy provisions stating that the court should establish a "flexible" schedule as to whether the government intends to seek the death penalty, "subject to extension for good cause."

The United States Attorneys' Manual (USAM) sets forth the policies and procedures adopted by the government in cases where a defendant is charged, or could be charged, with an offense subject to the death penalty. Section 9-10.120 provides that "[n]o final decision to seek the death penalty shall be made if defense counsel has not been afforded an opportunity to present

evidence and argument in mitigation." But, "[t]he Manual provides only internal Department of Justice guidance." USAM § 1-1.100. The USAM does not confer upon a defendant any constitutionally protected substantive or procedural rights. *See United States v. Cooks*, 589 F.3d 173, 184 (5th Cir. 2009) (finding that the district court's refusal to grant an acquittal was not plain error because "[s]everal sister circuits have held that the Department of Justice guidelines and policies do not create enforceable rights for criminal defendants"); *United States v. Lopez-Matias*, 522 F.3d 150, 155-56 (1st Cir. 2008) (stating that the Manual that mandates the meeting with the Capital Case Review Committee is not a source of rights); *United States v. Lee*, 274 F.3d 485, 493 (8th Cir. 2001) ("[T]he death penalty protocol is unenforceable by individuals."); *United States v. Fernandez*, 231 F.3d 1240, 1246 (9th Cir. 2000) ("[I]t is clear that the USAM does not create any substantive or procedural rights."). Moreover, in passing 18 U.S.C. § 3593, Congress "did not dictate any restrictions or procedures regarding the process by which the government reaches its decision of whether to seek the death penalty, nor did Congress make any provisions for judicial review of such decision or for the defendant's participation in the certification process." *United States v. Shakir*, 113 F. Supp. 2d 1182, 1187 (M.D. Tenn. 2000).

The presentation of mitigation evidence to the Capital Case Review Committee is a matter of DOJ internal procedure and does not involve the Court.  *See Lopez-Matias*, 522 F.3d at 156 ("We are reluctant to interference with internal prosecutorial measures by elevating internal guidelines to the level of a guarantee to defendants ... [based on] a respect for the separation of powers, and also from practical concerns."); *United States v. Jackson*, No. 04-801, 2006 WL 59559, at *2 (S.D.N.Y. Jan. 9, 2006) ("The Attorney General's capital case review procedure to determine whether, in the exercise of discretion, to seek the death penalty is not part of the judicial function."). This procedure does not provide the defendant with any constitutionally protected substantive or procedural rights. Additionally, the Court finds that its authority to ensure the speedy and orderly administration of justice and to manage its docket does not extend to controlling internal deadlines within the Justice Department.  The Court does not find persuasive the contrary district court cases cited by the defendant.  The Court, therefore, concludes that it is without authority to order the DOJ to extend the June 27, 2011 date set for presentation of mitigation evidence to the Capital Case Review Committee.

The defendant also asks the Court to extend the September 6, 2011 deadline presently set for the government to inform the Court whether it intends to seek the death penalty.  The

6

government filed the indictment on July 9, 2010, and the Court waited until March 3, 2011 to set the deadline for the government to file a notice under 18 U.S.C. § 3593(a).  At the defendant's request, the Court extended the deadline to September 6, 2011. Although defendant seeks another five to six month extension of the deadline, the government has not joined in that request.  In addition, defendant represents that even if the Court were to extend the September 6, 2011 deadline, the DOJ will not extend the meeting date.[11]  The government does state, however, that it will consider mitigation evidence developed after the June 27, 2011 meeting and before the September 6, 2011 deadline.[12]

Since the indictment, the defendant's attorneys and experts have expended a substantial amount of money in preparing the defendant's case.  Further, the Court appointed a mitigation expert at a very early stage, and the expert has been actively working on the case.  Although the defendant focuses on a three-month period when the mitigation and fact investigators suspended work, the Court finds that the defendant has been provided with sufficient time and resources to prepare a mitigation presentation.  Furthermore, the government has stated that it will consider any additional mitigation evidence discovered after defendant's mitigation presentation.

---

[11] R. Doc. 48-1 at 4 n.4.

[12] R. Doc. 53 at 4 n.3.

The Court acknowledges the importance to the defendant of presenting mitigation evidence to the government before it reaches its decision on whether to seek the death penalty. The Court finds, however, that the September 6, 2011 deadline imposed has given the defendant and the DOJ a reasonable opportunity to prepare and confer, and for the DOJ to reach its decision. Accordingly, the Court denies defendant's motion.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's Motion to Extend Date of Defense Meeting with the Department of Justice and the Deadline for the Government to File Notice of Whether it Intends to Seek the Death Penalty.

New Orleans, Louisiana, this ___22nd___ day of June, 2011.

_____Sarah Vance_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE