UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 10-202 |
| STEVEN EARL HARDRICK | SECTION: R |

**ORDER AND REASONS**

Before the Court is the Government's motion to compel defendant Steven Hardrick to submit saliva samples to law enforcement. The Court finds that the extraction of saliva through buccal swabbing is a search and seizure requiring a search warrant and that it is not appropriate for this Court to assess the reasonableness a proposed search before a magistrate judge issues a search warrant. The Government's motion is therefore DENIED.

## I. BACKGROUND

On October 1, 2007 Dwayne Landry ("Landry") was found shot and killed in his vehicle.[1] Within the vehicle investigators discovered a black sock that contained a block of granite.[2]

---

[1] R. Doc. 105.

[2] *Id.*

On July 9, 2010, a federal Grand Jury issued a ten-count indictment charging defendant Steven Earl Hardrick ("Hardrick") with several offenses.[3] Specifically, Hardrick is charged with one count of carjacking resulting in death in violation in 18 U.S.C. § 2119(3) (Count 1); one count of witness tampering resulting in death in violation of 18 U.S.C. §§ 1512(a)(1)(c) and 1512(a)(3)(A) (Count 2); two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts 3 and 4); one count of possessing a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count 5); two counts of using and carrying a firearm during and in relation to carjacking or witness tampering in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Counts 6 and 7); and three counts of use and carrying of a firearm during and in relation to a carjacking or witness tampering resulting in death in violation of 18 U.S.C. § 924(j)(1).[4]

On March 15, 2012, the government filed a superseding indictment charging Hardrick with the additional murders of Landry and Theolonious Dukes in violation of 18 U.S.C. § 924(j)(1) (Counts 3 and 6); as well as drug trafficking conspiracy in violation of 21 U.S.C. § 846 (Count 1); conspiracy to posses firearms in violation of 18 U.S.C. § 924(o)(Count 2);

---

[3]    R. Doc. 1.

[4]    *Id.*

two counts of using and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Counts 4 and 7); and of being a prohibited person in possession of a firearm in violation of § 922(g)(1)and § 924(a)(2)(A)(iii)(Count 5).[5]

In 2012, the Federal Bureau of Investigation ("FBI") was able to extract deoxyribonucleic acid ("DNA") from the sock found in Landry's vehicle. The Government then filed this motion to compel Hardrick to submit saliva samples to law enforcement in order to obtain his DNA for comparison.[6] This Court then requested the Government to clarify why a search warrant supported by the requisite affidavit of probable cause was not required before the Government could compel the defendant to submit saliva samples to law enforcement.[7] The Government agreed that a search warrant was required and asserted that the motion "could have been more appropriately titled 'Motion Seeking Approval of Procedure to Extract Saliva Sample.'"[8] The Government asks this Court to "first determine whether the procedure chosen

---

[5]  R. Doc. 67.

[6]  R. Doc. 105.

[7]  R. Doc. 113.

[8]  R. Doc. 114.

3

to extract saliva is reasonable" before it requests a search warrant.[9]

## II. DISCUSSION

The Government seeks an order from this Court compelling defendant Hardrick to submit saliva samples to law enforcement. Because the extraction of saliva is a search under the Fourth Amendment, this Court may not issue such an order. To obtain the saliva samples the Government must first request a search warrant pursuant to Federal Rule of Criminal Procedure 41. The Government is also asking this Court to approve of the reasonableness of the proposed procedure for extracting saliva from the defendant before requesting a search warrant. For the following reasons, it is not appropriate for this Court to assess the reasonableness of a proposed search in advance of the Government obtaining a search warrant.

**A. The Fourth Amendment Governs the Collection of Saliva**

It is settled that the extraction of evidence by means of buccal swabbing is a search and seizure within the meaning of the Fourth Amendment. *See Skinner v. Railway Labor Executives' Assoc.*, 489 U.S. 602, 616-18(1989) (holding that blood tests, breath tests and urine samples are searches under the Fourth

---

[9] R. Doc. 114.

Amendment); *Kohler v. Englade*, 470 F.3d 1104, 1109 n.4 (5th Cir. 2006)("It is undisputed that the collection of a saliva sample for DNA analysis is a search implicating the Fourth Amendment."). *See also Schilcher v. (NFN) Peters, I&I*, 103 F.3d 940, 942-43 (10th Cir. 1996) ("It is agreed that the collection, analysis and storage of blood and saliva . . . is a search and seizure within the meaning of the Fourth Amendment."). The Government's motion admits "that the extraction of evidence by means of buccal swabbing is considered to be a search and seizure."[10] The request for saliva samples is therefore governed by the Fourth Amendment.

**B. The Fourth Amendment Requires a Search Warrant**

The Fourth Amendment establishes the right to be free from unreasonable searches and seizures and requires that no warrants issue except upon probable cause. *See* U.S. Const. amend. IV. Because obtaining a saliva sample is a search, the Government must first request a search warrant. *See Terry v. Ohio*, 392 U.S. 1, 20 (1968)("[T]he police must, whenever practicable, obtain advance judicial approval of searches and seizures through the warrant procedure."); *Schmerber v. California*, 384 U.S. 757, 770 (1966) ("Search warrants are ordinarily required for searches of dwellings, and, absent emergency, no less could be required where intrusions into the human body are concerned."). The Government

---

[10] R. Doc. 105; R. Doc. 114.

has not identified any exigency that would permit dispensing with the warrant requirement. A warrant is therefore required before the Government may obtain saliva samples from the defendant. Accordingly, Government's motion to compel is premature and will not be granted by this Court.

**C. It Is Not Appropriate for This Court to Assess the Reasonableness of the Proposed Search**

The Government's request that this Court assess the reasonableness of the proposed search is also premature. The Government's discussions of *United States v. Bullock*, 71 F.3d 171 (5th Cir. 1995), and *United States v. Gray*, 669 F.3d 556 (5th Cir. 2012), are inapplicable because in *Bullock* and *Gray* the Government had obtained a search warrant. *See Bullock*, 71 F.3d at 174 ("During Bullock's detention prior to trial, the FBI obtained a search warrant to obtain samples of his blood and hair for DNA and other analysis. Bullock refused to comply with the warrant."); *Gray*, 669 F.3d at 563-64 ("[T]he threshold requirements for. . . surgical search and seizure [are] probable cause and the issuance of a warrant.")(citation omitted). The question in *Bullock* was whether the search was reasonable despite the warrant. *Bullock*, 71 F.3d at 175-76. Similarly in *Gray*, at issue was the "constitutionality of a seizure conducted pursuant to a search warrant." *Gray*, 669 F.3d at 563. These cases

illustrate that after a judge issues a warrant based on probable cause, or an exception to the warrant requirement applies, a defendant may then object to the search as being unreasonable under the factors outlined in *Winston v. Lee*, 470 U.S. 753 (1985).

The Government cites *Gray* for the proposition that "[t]his Circuit encourages courts to utilize this method" of assessing the reasonableness of a proposed search before the Government applies for a search warrant and a magistrate determines probable cause.[11] This citation is inapposite, as the Court in *Gray* was "urg[ing] warrant-issuing magistrates to cabin the search warrant more than the 'recognized medical procedure' language in this warrant" and "encourag[ing] magistrates" to hold hearings to consider the competing interests in medical procedure search cases. *Gray*, 669 F.3d at 566. *Gray* does not alter the threshold requirements of probable cause and the issuance of a warrant, *id.* at 563, instead, it encourages magistrates to consider the *Winston* factors when making the decision to issue a warrant and when drafting the warrant's procedures. The Government has not cited to any authority suggesting that it is appropriate for the district court to first rule on a proposed search's reasonableness in advance of the Government's requesting and obtaining a search warrant from a magistrate.

---

[11]    R. Doc. 114.

**D. Rule 41 Provides the Procedures for Requesting A Search Warrant**

The Government's motion is more appropriately addressed to a magistrate judge as a request for a search warrant pursuant to Federal Rule of Criminal Procedure 41. *See United States v. Felix*, No. 06cr1948 BTM, 2007 WL 173892, at *8(S.D. Cal. Jan. 9, 2007) (denying the Government's motion to compel a new DNA sample from defendant without first obtaining a warrant and noting that "[a] motion for an order compelling Defendant to provide a new DNA sample is more properly considered as a request for a search warrant"); *United States v. Allen*, 337 F. Supp. 1041, 1043 (E.D. Pa. 1072)(denying the Government's motion to order the defendants to submit to requested sampling because "the proper and lawful procedure by which the Government may establish its rights to the samples . . . is an application for a warrant under Rule 41."). Additionally, this Court will not treat the Government's motion to compel as a request for a search warrant, as the Government has submitted nothing to support supporting a finding of probable cause. Further, the Government has stated its intent to request a search warrant pursuant to Rule 41.[12]

---

[12] R. Doc. 105; R. Doc. 114.

## III. CONCLUSION

The Government's motion to compel and request that this Court consider the reasonableness of the proposed search is improper. To obtain defendant's saliva samples the government must follow the warrant procedures of Federal Rule of Criminal Procedure 41.

For the foregoing reasons, the Government's motion to compel Mr. Hardrick to submit saliva samples is DENIED without prejudice to any future application for a warrant pursuant to Federal Rule of Criminal Procedure 41.

New Orleans, Louisiana, this 5th day of September, 2012.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE