UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO: 10-202

STEVEN EARL HARDRICK                    SECTION: R


## ORDER AND REASONS
### (REDACTED)

Before the Court is defendant's motion to continue the
pretrial conference and the trial. Because the Court finds that
maintaining the October 29, 2012 trial date best serves the
interests of justice, the public, and the parties, the Court
denies defendant's motion.


I.    BACKGROUND

On July 9, 2010, a federal Grand Jury issued a ten-count
indictment charging defendant Steven Earl Hardrick with several
offenses, including offenses subject to the death penalty.[1]
Specifically, defendant is charged with one count of carjacking
resulting in death in violation in 18 U.S.C. § 2119(3) (Count 1);
one count of witness tampering resulting in death in violation of
18 U.S.C. §§ 1512(a)(1)(c) and 1512(a)(3)(A) (Count 2); two

---

[1]    R. Doc. 1

counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts 3 and 4); one count of possessing a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count 5); two counts of using and carrying a firearm during and in relation to carjacking or witness tampering in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Counts 6 and 7); and three counts of use and carrying of a firearm during and in relation to a carjacking or witness tampering resulting in death in violation of 18 U.S.C. § 924(j)(1).[2] On September 6, 2011, the Government reported that it would not seek the death penalty.

On March 15, 2012, the Government filed a superseding indictment charging Hardrick with the additional murders of Landry and Theolonious Dukes in violation of 18 U.S.C. § 924(j)(1) (Counts 3 and 6); as well as drug trafficking conspiracy in violation of 21 U.S.C. § 846 (Count 1); conspiracy to posses firearms in violation of 18 U.S.C. § 924(o) (Count 2); two counts of using and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Counts 4 and 7); and of being a prohibited person in possession of a firearm in violation of § 922(g)(1)and § 924(a)(2)(A)(iii)(Count 5).[3] On July 16, 2012, the Government

---

[2] *Id.*

[3] R. Doc. 67.

2

notified the Court that it would not seek the death penalty on the new capital eligible charges in the superceding indictment.

Defendant now moves to continue the October 29, 2012 trial date. The Government does not oppose the motion. For the following reasons, the Court denies defendant's motion.

## II.   DISCUSSION

### A.   This Court Has Broad Discretion to Deny a Motion to Continue

Trial judges have broad discretion to deny motions for continuances. *Morris v. Slappy*, 461 U.S. 1, 11 (1983); *United States v. Gentry*, 839 F. 2d 1065, 1073 (5th Cir. 1988). A district court's denial of a continuance will be upheld if it is "neither arbitrary, nor unreasonable." *United States v. Hughey*, 147 F.3d 423, 431-432 (5th Cir. 1998). Although there is no mechanical test for deciding whether to grant or deny a continuance, the Fifth Circuit has outlined factors a court should consider, including:

> (1) [W]hen the request for continuance was filed; (2) the nature of the reasons offered to support the continuance, particularly where there is reason to believe those reasons are either less than candid or offered in bad faith; (3) the length of the requested delay; (4) the number of continuances previously granted; and, the great catch-all (5) the general balance of convenience to the parties and the court.

*Hughey*, 147 F.3d 423 at 431-32. As discussed below, these factors support denying the motion in this case.

**B.    Defendant Does Not State Reasons Supporting a Continuance**

As a matter of background, the first indictment in this case was filed on July 9, 2010.[4] The original trial was set for December 6, 2010.[5] The Court granted a motion to continue trial on November 16, 2010,[6] and a new trial date was set for June 11, 2012.[7] On April 5, 2012, the Court continued the trial date because of the filing of the superseding indictment and reset the trial for October 29, 2012.[8] The Court reserved two weeks on its schedule for the trial. Trial, therefore, is set for over two years after the filing of the original indictment, and over seven months after the filing of the superceding indictment on March 15, 2012.

To date the United States has spent ███████ funding the defense of this case, and the Court has not yet received bills for legal, expert, and other service providers for July, August, and September 2012. The Court recently approved payment of another ███████ in legal fees. Further, in August, the Court approved an additional ██████ for the defense through trial.

---

[4]    R. Doc. 1.

[5]    R. Doc. 17.

[6]    R. Doc. 24.

[7]    R. Doc. 61.

[8]    *Id.*

Adding the amount already spent to the remaining amount budgeted results in ███████████████████████████████ of public funds having been committed to Mr. Hardrick's defense. This includes two well-qualified lawyers and about ████████ for experts and other service providers. Mr. Hardrick has also had two years to prepare for the issues that confront him.

Against this backdrop, defendant advances several reasons in support of his motion to continue. Considered individually or cumulatively, these reasons do not support a continuance.

Defendant first notes that his fact investigator is abroad on another case and unable to resume his investigation until he returns. This is not grounds for a continuance. First, the investigator has already been paid to do substantial work on this case. He has received ████████ for his investigation, and the Court has not received his bills for July, August, and September. Second, once he returns the investigator has three weeks before the trial date to continue his investigation. Third, while the investigator has represented in an unsworn letter that he planned this trip more than three months ago, defendant waited to move for a continuance until September 21, 2012, a week after the investigator had left the country. The defense had three months to deal with the investigator's conflict, and, in any event, the investigator still has ample time to complete his investigation once he returns. The investigator has been involved in this case

5

for over one year, and he has received substantial payments of public funds. Moreover, he can avail himself of additional funds already budgeted to complete his investigation. The Court expects defendant's investigator to fulfill his obligation to the defendant and to finish his investigation in time for trial. Accordingly, the investigator's planned trip is not grounds for a continuance.

Next, defendant argues that the service providers he retained have not had an opportunity to listen to all of the calls defendant has made from jail. An arrest warrant for Mr. Hardrick was issued on July 9, 2010, and apparently, he has been making phone calls from prison since then.[9] The Government, for its part, has already identified the calls it plans to introduce at trial and has provided the defense with transcripts of them.[10] In an unsworn letter, the phone monitor retained by the defense asserted that the defense could not complete a review of the over 10,000 audio files totaling over 1,325 hours of her client's communications in time for trial. Defendant asserts that reviewing Hardrick's own jail calls is necessary to determine whether there is any exculpatory material, see Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972), in the calls. This task does not warrant a continuance. First,

_____

[9]     R. Doc. 5.

[10]     R. Doc. 125.

6

defendant has had the call information for some time, and it is the defense's responsibility to use trial preparation time and money efficiently. Second, the defense is suggesting the necessity of reviewing 1,325 hours of defendant's own calls for favorable evidence despite the existence of a seemingly more direct path of speaking with the defendant himself. Surely the defendant can provide some insight as to which of his own calls might be relevant. Further, granting a continuance because the defense would like to do a call-by-call transcription and review of their client's own phone calls would give the defendant the power to set the trial date; Hardrick could simply continue to talk on the phone and request more delays to review more of his phone calls. Defendant will have had sufficient time and money to conduct a reasonable review of these records. The defense's alleged necessity to listen to, transcribe, and review each of the thousands of audiotapes of its client's own calls does not warrant a continuance.

Defendant next suggests that recent events require more time for the defense to prepare for trial. These events include the filing of the superceding indictment, the Government's obtaining a search warrant to extract Mr. Hardrick's DNA, and the Government's seeking to obtain bank records. The superceding indictment, however, was filed on March 15, 2012, over seven months before the trial date. Further, the defense was already

aware of the nature of most of the events in the superceding indictment because they were identified as potentially admissible evidence under Federal Rule of Evidence 404(b) in connection with the original indictment. Indeed, these events were a part of the discussion in this case from its outset. As for the recent requests by the Government, there is still one month until the trial date for the defense to respond.

Defendant's remaining contentions can be summarized as arguing that budgeting problems have caused multiple delays in preparing for trial. The facts show that the defendant has had sufficient time and funds to prepare. Over ██████████ has been spent so far on this case, with another ███████ budgeted. The Court has increased the budget twice. Some of the budget issues were caused by deficiencies in the defense's submissions. This Court has already continued the trial twice, and it has been over two years since the filing of the original indictment. There has been ample time and money for the defense to prepare, and there is over a month until the trial begins on October 29, 2012.

Finally, defendant did not inform this Court of how much time he needs to prepare for trial; the motion simply asks for the trial to be continued. It appears, then, that defendant is not asking for a finite amount of supplemental time to accomplish a discrete task before trial. Instead, defendant is seeking to delay. The "judicial system's interest in expeditious

proceedings" weighs in favor of holding this trial on October 29, 2012, as the Court has already committed two weeks of its schedule to this matter. *United States v. O'Keefe*, No. Crim.A. 95-106, 1996 WL 80095, at *1 (E.D. La. Feb. 22, 1996). Further, the families of the murder victims deserve the closure only a trial can bring. Accordingly, the Court finds that the October 29, 2012 trial provides adequate time for counsel to prepare, and is in the best interest of the parties, the public, and the ends of justice. *Hughey*, 147 F.3d 423 at 431-32.

## III. CONCLUSION

For the foregoing reasons, defendant's motion to continue is DENIED.

New Orleans, Louisiana, this 25th day of September, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE