UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | NO: 10-202 |
| STEVEN EARL HARDRICK | SECTION: R |

**ORDER**

Before the Court is defendant's motion to reconsider this Court's denial of his September 21, 2012 motion to continue trial.[1] At a hearing on October 5, 2012, defendant again moved the Court to continue trial, and the Court again denied defendant's request. This motion marks the third time that defendant has moved the Court to continue the trial date. For the reasons that follow, defendant's motion is again denied.

The Court fully addressed defendant's argument for a continuance in its first Order denying the request.[2] Defendant makes clear that one purpose of their motion for reconsideration is to ensure that "the record is complete for the purposes of

---

[1] R. Doc. 125; R. Doc. 128.

[2] R. Doc. 128.

appeal and any habeas proceeding that may thereafter ensue."[3] While defendant acknowledges that his first two requests were incomplete, defendant's third request presents little new.

Defendant reprises his previous complaints of budgeting problems that caused various losses of work times. To be clear, the Court never ordered a work stoppage and has approved all payments up to date. These arguments were fully addressed in the Court's first denial.[4]

The defense speculates that Hardrick's jailhouse calls are a potential source of exculpatory information. Thus, the defense again raises their desire to review all of the calls that Hardrick has made from jail since his arrest, make transcripts of these calls, and then review them with their client for potential exculpatory information. Beginning in 2010, the Government has consistently disclosed Hardrick's jail house calls to the defense.[5] These calls total over 1300 hours of conversations, equaling 54 twenty-four hour days worth of phone calls. To be clear, the defendant himself is responsible for the majority of these calls and therefore contributes to his own request for a

---

[3] R. Doc. 149-1 at 1.

[4] R. Doc. 128.

[5] R. Doc. 1614-1 at 1.

continuance. *Cf. United States v. Stalnaker*, 571 F.3d 429, 439 (5th Cir. 2009) (noting that the defendant's own role in increasing the time required to prepare for trial is a factor to be considered when denying a continuance). Although the Court still questions whether the defense's approach is the most efficient way to isolate *Brady* material in calls in which their own client was a participant, the court finds that the defense has had a reasonable opportunity to review the calls. As noted, the Government has disclosed all of the calls that it believes are *Brady* or *Giglio*, the defense has been receiving these calls since 2010, and this Court has approved three separate budgets that made funds available for tape monitoring.

Defendant does, for the first time, request a specific amount of time to complete trial preparation. Defendant requests an April 2013 trial date in order for their investigator to complete his investigation.[6] In their first motion to continue, the defendant argued that they were prejudiced because their fact investigator was overseas for a period of three weeks. Defendant does not explain how this three week absence requires a six month continuance; defendant does not explain what specific tasks the investigator needs to complete before trial. Further, defendant

---

[6] R. Doc. 149-1 at 9.

3

does not provide any estimates for how long it will take to complete the tape monitoring, or any other aspect of trial preparation.[7] As stated in this Court's first denial, the defense has had two years to prepare their defense. Assertions by defense counsel that they will be ineffective at trial are belied by the facts of this case and the law of the Fifth Circuit. *See United States v. Lewis*, 476 F.3d 369, 387 (5th Cir. 2007) (upholding a denial of continuance where defense counsel was given ten days to prepare in a case that involved "ten defendants, even more witnesses, and voluminous discovery."); *United States v. Stalnaker*, 571 F.3d 428, 439 (5th Cir. 2009) (upholding a denial of continuance in a case where defense counsel had "several weeks to prepare").

Defendant also criticizes the Court for stressing the amount of funds already spent on this case in its original denial. To be sure, money spent on trial preparation is not an end in itself. Instead, the Court treats the amount of money already spent on the defense of this case as an indication of the amount of work done. The Court would hope that the amount of money spent on the

---

[7] At the pretrial conference the Court informed the Government that the DNA evidence they were testing would not be admissible in trial unless it is helpful to the defense. This testing came passed the deadline for expert materials. Accordingly, the defense's concern about preparing for this evidence is no longer valid.

defense of this case is indicative of the quality of the defense's preparation.[8]

Finally, it is worth noting that when defendant moved for the Court to continue the trial for the second time at the October 5, 2012, hearing, the Government noted that because the Court has required the Government to disclose *Brady* and *Giglio* material three weeks before trial many Government witnesses are put at risk. Delaying trial after the Government has made these disclosures dangerously extends the exposure of these witnesses. *See United States v. Womack*, No. 11-20210, 2012 WL 2938782, at *7 (5th Cir. July 19, 2012) (holding that a district court's denial of a defendant's motion to continue was not an abuse of discretion when the motion was made close to the trial date and "risked prejudicing the government").

"Trial courts have both the power and the duty to take measures to control their dockets and to ensure that counsel properly prepare cases scheduled for trial so that they can be tried and decided rather than continued and rescheduled." *United States v. Hughey*, 147 F.3d 423, 430-31 (5th Cir. 1998) (citation omitted). Accordingly, because the October 29, 2012 trial date gives the defense adequate time to prepare, it is in the best

---

[8] R. Doc. 128 at 5 (detailing how much has been spent on the defense of this case) (filed under seal).

interest of the parties, the victims, and the ends of justice that defendant's motion to continue be denied.

New Orleans, Louisiana, this 25th day of October, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE