UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | NO: 10-202 |
| STEVEN EARL HARDRICK | SECTION: R |

**ORDER AND REASONS**

Before the Court is the Government's and the defense's motions *in limine* pertaining to the introduction of testimony by FBI Special Agents Markham and Sewell.[1] The Government seeks to introduce Markham's testimony pursuant to Federal Rule of Evidence 701, and Sewell's testimony pursuant to Federal Rule of Evidence 702. The defense seeks to exclude both witnesses.

**I. BACKGROUND**

Steven Hardrick is under federal indictment charging him with, *inter alia*, multiple murders, a drug trafficking conspiracy, a conspiracy to posses firearms, carjacking resulting in death, and multiple counts of being a felon in possession of a firearm.[2]

---

[1]  R. Doc. 150; 153; 160; 165.

[2]  R. Doc. 67.

## II. DISCUSSION

### A. Special Agent Markham's Lay Testimony

The Government intends to introduce a series of Hardrick's phone conversations at trial. As a case agent, Special Agent Markham listened to these calls during the course of his five-year investigation. The Government will call Markham as a witness to identify voices on the calls, explain the meaning of certain terms, and explain the meaning of certain calls.[3]

Federal Rule of Evidence 701 provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witnesses's perception; (b) helpful to clearly understanding the witnesses's testimony or to determining fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. Markham will identify speakers, explain terms, and explain the meaning of certain calls based on his experience investigating Hardrick's case. This testimony will provide the jury with "relevant factual information about the investigation." *United States v. El-Mezain*, 664 F.3d 467, 513 (5th Cir. 2011) (approving lay testimony by FBI agents who explained the "meaning of terms as used in the conversations"). This testimony is proper under Rule 701 because Markham's opinion is "limited to [his]

---

[3] R. Doc. 150-1 at 2.

personal perception[] from [his] investigation of this case." *Id.* While this testimony may include some facts not "known to an average lay person," it is proper because Markham is drawing "straightforward conclusions from observations informed by his own experience" investigating the case. *Id.* at 512.

Allowing case agents to interpret conversations and code words for the jury has been repeatedly admitted as lay testimony. *See, e.g.*, *United States v. Harper*, 369 Fed. App'x 556, 568 (5th Cir. 2010); *United States v. Nguyen*, 317 Fed. App'x 424, 426-27 (5th Cir. 2009); *United States v. Sandoval-Ortiz*, 182 Fed. App'x 380, 382 (5th Cir. 2006); *United States v. Miranda*, 248 F.3d 434, 441 (5th Cir. 2001) (upholding similar testimony pursuant to Rule 701 because the agent's "extensive participation in the investigation of this conspiracy . . . allowed him to form opinions concerning the meaning of certain code words used in this drug ring based on his personal perceptions").

The defense's reliance on *United States v. Mejia*, 545 F.3d 179 (2d Cir. 2008) is inapposite. *Mejia* concerned limiting the scope of expert testimony by a case agent, not lay testimony. *United States v. Mejia*, 545 F.3d 179, 194-96 (2d Cir. 2008). Because Markham is not qualified as an expert, the scope of his testimony is limited to "his opinions regarding the conspiracy based upon his personal perceptions." *United States v.*

3

*Whittington*, 269 Fed. App'x 388, 408 (5th Cir. 2008). If Markham's interpretation of the calls goes beyond his "perception[] of the phone calls *in this case* and is based on specialized knowledge and/or accumulated experience and training, the Government will be required to qualify [him] as [an] expert." *United States v. Claville*, NO. 07-50097-02, 2008 WL 914492, at *2 (W.D. La. Apr. 1, 2008).

Finally, the defense asserts that Markham's testimony is cumulative under Rule 403 because it is "needlessly time-consuming, confusing, and duplicative of other evidence in the case."[4] The defense does not support this assertion, and while "all relevant evidence tends to prejudice the party against whom it is offered, Rule 403 excludes relevant evidence when the probative value of that evidence is *substantially* outweighed by the *unfairly* prejudicial nature of the evidence." *United States v. Caldwell*, 586 F.3d 338, 342 (5th Cir. 2009). There is no evidence that Markham's testimony interpreting these calls will

---

[4] R. Doc. 153-1 at 7. The defense also reprises its arguments from their motion to continue that they have been unable to review the pertinent calls that the Government seeks to introduce. R. Doc. 160. The Government has provided the defense with transcripts of the pertinent calls that it intends to introduce along with the corresponding audio recordings. The Government identified the times and dates of the pertinent calls for the defense. R. Doc. 164 at 3. As this Court reasoned in its denials of the motions to continue, the defense has had ample time and money to prepare their defense and review these calls.

be cumulative. Instead, it will aid the jury in understanding the evidence presented to them. Accordingly, the Government's motion *in limine* to admit Markham's lay witness testimony interpreting pertinent calls is granted.

**B. Special Agent Sewell's Expert Testimony**

The Government also intends to introduce Agent Sewell's expert testimony. Sewell will testify concerning drug trafficking, the use of firearms, and provide his interpretation of drug code, jargon, and slang words used in various conversations.[5]

Federal Rule 702 provides that a witness who is qualified as an expert may testify if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue. Fed. R. Evid. 702(a). The Fifth Circuit has approved of expert testimony to "the meaning of code or slang words in recorded conversations," United States v. Palmer, 200 Fed. App'x 332, 334 (5th Cir. 2006) (per curium) (upholding a case agent's expert testimony interpreting code and slang words after testifying to his experience and methodology), and the significance of certain

---

[5] R. Doc. 165.

conduct or methods of operation to the drug distribution business. *United States v. Griffith*, 118 F.3d 318, 321-22 (5th Cir. 1997) (holding that "such testimony is often helpful in assisting the trier of fact understand the evidence") (quoting *United States v. Washington*, 44 F.3d 1271, 1283 (5th Cir. 1995)).

Accordingly, Sewell's testimony interpreting codes and jargon used in drug trafficking activities, and discussion of violent drug trafficking activities falls within the scope of permissible expert testimony. *See, e.g.*, *United States v. Morin*, 627 F.3d 985, 996-97 (5th Cir. 2010) (approving expert testimony that is within the "benign category of 'background' testimony"); *United States v. James*, 291 Fed. App'x 676, 679 (5th Cir. 2008) (per curium) (approving the use of expert testimony when the agent testified "that drug distributors usually bundle their money in a certain way and posses certain amounts of drugs, firearms, and other items helpful to drug trafficking"); *United States v. Garcia*, 86 F.3d 394, 400 (5th Cir. 1996) (approving of expert testimony and noting that "[A] narcotics agent may testify about the significance of certain conduct or methods of operation unique to the drug business" including "how most large drug trafficking organizations operate"); *United Sates v. Speer*, 30 F.3d 605, 609-610 (5th Cir. 1994) (approving expert testimony that certain conduct is "consistent with narcotic trafficking").

Again, the defense improperly relies on *Mejia* in an attempt to exclude Sewell's testimony. The expert testimony in *Mejia* was problematic because it went "beyond interpreting jargon or coded messages, describing membership rules, [and] explaining organizational hierarchy." *Mejia*, 545 F.3d 179 at 195. Instead, the expert's testimony (1) concerned facts that required no expertise and (2) essentially summarized the results of the investigation which substituted expert testimony for factual evidence. *Id.* at 194-96. Based on the nature of Sewell's testimony as proffered by the Government, neither of these concerns is present with Sewell's testimony. Sewell "will not offer expert testimony concerning the structure, identifying characteristics, or existence of a violent drug conspiracy."[6] Instead, based on his experience as a DEA agent, he will interpret jargon on calls that in his expert opinion are discussing drug robberies or burglaries and testify about the use of firearms in drug trafficking activities which will help the jury determine whether the defendant was involved in a drug conspiracy.[7] Further, Sewell was not an agent on Hardrick's case and will therefore not impermissibly testify as to facts.

---

 6   R. Doc. 165 at 4.

 7   *Id.*

7

Finally, defendant's argument for excluding Agent Sewell's testimony under Rule 403 fails.[8] Sewell's expert testimony will help the jury interpret the evidence before them. The Government will rely on a combination of testimony from its fact witnesses and its expert witnesses to detail the defendant's conduct in this case. Defendant does not explain why Sewell's background information on violent drug trafficking will confuse the jury into believing that Hardrick is guilty of the charged offenses. *Cf*. *U.S. v. Babin*, No. 93-2359, 1994 WL 171711, at *1 (5th Cir. Apr. 29, 1994) (per curium) (upholding expert testimony under Rule 403 and rejecting the argument that background information on drug dealing provides an inference that defendant "himself prepared the drug for distribution"). Accordingly, the defense's motion to exclude Sewell's testimony is denied.

---

[8] The Government provided the Defendant with notice that Agent Sewell would be a an expert witness on May 3, 2012. The Government informed the defense: "[Agent Sewell] will testify as an expert in drug trafficking and drug distribution, along with drug traffickers' jargon." R. Doc. 81. Defendant asserts that "the government did not reveal the purpose of [Sewell's] testimony until slightly over two weeks before trial" leaving them unable to consult their own expert. R. Doc. 153-1 at 2. The Government's supplemental letter advises the defense that Sewell's testimony will include a discussion of the use of firearms, violent acts in drug trafficking conspiracies, and other "tools of the trade." R. Doc. 153-2. The initial notice given to the defendant was sufficient to place the defense on notice of the nature of his proposed testimony. Accordingly, any claim that the defendant's right to fair trial or effective assistance of counsel on the timing of this disclosure is infirm.

## III. CONCLUSION

For the foregoing reasons, the Court Grants the Government's motion *in limine* to admit Markham's lay testimony interpreting pertinent calls,[9] and denies the defense's motion *in limine* to exclude Markham's lay testimony and Sewell's expert testimony.[10]

New Orleans, Louisiana, this 25th day of October, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[9] R. Doc. 150.

[10] R. Doc. 153.