UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | NO: 10-202 |
| STEVEN EARL HARDRICK | SECTION: R |

**ORDER AND REASONS**

Before the Court is defendant's motion *in limine* requesting information pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). For the following reasons, defendant's request is denied.

## I. BACKGROUND

Steven Hardrick is under federal indictment charging him with, *inter alia*, multiple murders, a drug trafficking conspiracy, a conspiracy to posses firearms, carjacking resulting in death, and multiple counts of being a felon in possession of a firearm.[1]

Defendant has filed this motion requesting certain information from the Government. As a matter of background, since September 30, 2010, the Government has disclosed to the defense jailhouse calls made by Hardrick or calls which Hardrick was a

---

[1] R. Doc. 67.

topic of conversation.[2] Beginning in 2011, the Government has also disclosed calls by or concerning Marvin Pierre and Juda Derouen.[3] The Government has identified to the defense certain calls that it plans to introduce at trial and provided transcripts of these conversations.[4] Further, the Government has identified to the defense specific calls and conversations that may constitute *Brady* or *Giglio* material.[5]

**II. DISCUSSION**

Defendant asks the Court to order: (1) the Government to listen to all of Hardrick's, Derouen's, and Pierre's jailhouse calls, provide full transcripts of these calls, and to search for any *Brady* or *Giglio* information and (2) the Government to disclose the substance of any communications in the state court proceedings against Robert Hart.[6]

---

[2]    R. Doc. 164-1 at 1.

[3]    *Id.*

[4]    *Id.*

[5]    R. Doc. 164-2; R. Doc. 164-3.

[6]    R. Doc. 154-1.

**A. The Government Has Disclosed Hardrick's, Derouen's, and Pierre's Jailhouse Calls**

A defendant must show that the Government suppressed evidence in order to establish a *Brady* violation. *Brady* 373 U.S. 83, 87 (1963). When the evidence is fully available to a defendant "at the time of his trial and his only reason for not obtaining and presenting the evidence to the court is his lack of reasonable diligence, the defendant has no *Brady* claim." *United States v. Marrero*, 904 F.2d 251, 261 (5th Cir. 1990). The Government has disclosed Hardrick's jailhouse calls to the defense as they became available since 2010, and Pierre's and Derouen's calls since 2011.[7] The Government has disclosed over 1000 hours worth of Hardrick's calls to the defense because they are statements of the defendant. Fed. R. Crim. P. 16(a)(1). Further, while there is "no authority for the preposition that the government's *Brady* obligations require it to point the defense to specific documents with a larger mass of material that it has already turned over," *United States v. Mulderig*, 120 F.3d 534, 541 (5th Cir. 1997), the Government has properly identified for the defense all calls it believes are potentially *Brady*

---

[7] R. Doc. 164-1.

material.[8] The Government is under no further obligation to create full transcripts of these calls, or "give further guidance as to what evidence may have been exculpatory." *Perry v. Quarterman*, 314 Fed. App'x 663, 670 (5th Cir. 2009).

*Brady* does not require the Government to create transcripts of the remaining 1000 hours of calls and to search for potentially exculpatory information. *See Pippin v. Dretke*, 434 F.3d 782, 790 (5th Cir. 2005) ("[T]he state bears no responsibility to direct the defense toward potentially exculpatory evidence that either is in the possession of the defense or can be discovered through the exercise of reasonable diligence."); *United States v. Marrero*, 904 F.2d 251, 261 (5th Cir. 1990) ("While the Supreme Court in *Brady* held that the Government may not properly conceal exculpatory evidence from a defendant, it does not place any burden upon the Government to conduct a defendant's investigation or assist in the presentation of the defense's case."); *Mulderig*, 120 F.3d at 541 (holding that there was no *Brady* violation where the Government "gave the defense access to 500,000 pages of documents relating to the case").

---

[8] R. Doc. 164 at 3.

The Government has been disclosing the calls at issue for over two years. The defense has had sufficient time and money to review these calls.[9] Further, the Government has identified and provided transcripts for the calls it plans to use at trial, and has identified any calls it is aware may contain *Brady* material.[10] The Government has therefore satisfied its *Brady* obligations pertaining to the calls and conversations of Hardrick, Derouen, and Pierre.

**B. The Government is Reviewing the Robert Hart's State Court File**

The Government has fully responded to the defense's request for *Brady* and *Giglio* information relating to Robert Hart's state court proceeding. The Government has identified items that may be *Giglio* and has disclosed them to the defense.[11] The Government is making a second inspection of Hart's file and is ordered to disclose any material it discovers that is favorable to the

---

[9] The defense reiterates its arguments from its motions to continue that it has been unable to review these calls. As noted in the Court's orders denying these motions, the defense has had ample time and money to review these calls.

[10] R. Doc. 164-1.

[11] R. Doc. 164-4.

defense or that is *Giglio* material.[12] Accordingly, as outlined in the defense's motion *in limine*, this request is moot.[13]

**III. CONCLUSION**

For the foregoing reasons, defendant's motion *in limine* is denied.

New Orleans, Louisiana, this 25th day of October, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[12] R. Doc. 164 at 3-4.

[13] R. Doc. 154-2 at 2-3.