UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | NO: 10-202 |
| STEVEN EARL HARDRICK | SECTION: R |

**ORDER AND REASONS**

Before the Court is the Government's motion *in limine* to prohibit the defense from cross-examining its witnesses with evidence of the witnesses' arrests that did not result in formal charges.[1] For the following reasons, the Government's request is denied.

**I. BACKGROUND**

Steven Hardrick is under federal indictment charging him with, *inter alia*, multiple murders, a drug trafficking conspiracy, a conspiracy to posses firearms, carjacking resulting in death, and multiple counts of being a felon in possession of a firearm.[2]

---

[1] R. Doc. 157-1.

[2] R. Doc. 67.

The Government plans to call several witnesses who have been arrested for crimes that were not formally charged.[3] The Government requests that the evidence of these arrests be excluded pursuant to Federal Rules of Evidence 608(b) and 403.[4]

**II. DISCUSSION**

Federal Rule of Evidence 608(b) provides:

> [E]xcept for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination , allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness.

Fed. R. Evid. 608(b). Pursuant to this rule, evidence of the arrests will not be admissible in order to attack the witnesses' character for truthfulness. *United States v. Labarbera*, 581 F.2d 107, 108-09 (5th Cir. 1978) ("[T]he mere existence of an arrest is not admissible to impeach the defendant's credibility."). An "[i]nquiry into the mere existence of an arrest or indictment is not admissible to impeach [a witness's] credibility under Fed. R. Evid. 608(b)." *United States v. Abadie*, 879 F.2d 1260, 1267 (5th

---

[3] The Government asserts that many of these witnesses are the subject of this Court's protective order and therefore their identities were not disclosed. R. Doc. 145.

[4] R. Doc. 157-1 at 2.

Cir. 1989); *see also United States v. Newman*, 849 F.2d 156, 161 (5th Cir. 1988) ("Because neither of the arrests resulted in a conviction . . . [Rule 608(b)] prevents [the defendant] from inquiring into these arrests as past bad acts to impeach.").

Importantly, the defense does not seek to use the evidence of past arrests for the purpose of impeaching these witnesses for truthfulness.[5] Instead, the defense seeks to inquire into these arrests for the purposes of showing the witnesses' bias and motivation to testify.[6] Evidence of these arrests may be admissible to prove bias. *See United States v. Gentle*, 361 Fed. App'x 575, 579 (5th Cir. 2010) (permitting cross-examination into the circumstances of a burglary charge for the purpose of demonstrating bias, and noting that "Rule 608(b) poses no bar to cross-examination for these purposes"); *United States v. Thorn*, 917 F.2d 170, 176 (5th Cir. 1990) ("An exception to the prohibition against the use of extrinsic evidence to attack the credibility of a witness exists in cases in which the evidence tends to show bias or motive for the witness to testify untruthfully); *Abadie*, 879 F.2d 1260 at 1267 ("the bias of a witness . . . is not a collateral matter and the party examining

---

[5]    R. Doc. 159 at 2.

[6]    *Id.*

the witness is not bound by his denial of acts tending to show his bias.") (citation omitted); *United States v. Diecidue*, 603 F.2d 535, 550 (5th Cir. 1979). Because the Government did not disclose the specific witnesses or arrests at issue, the Court will defer its decision whether the evidence is probative of bias and whether to exclude the use of this evidence pursuant to Rule 403. *See Diecidue*, 603 F.2d at 550 ("In considering evidence proffered to show bias, the judge must determine whether it is probative of bias and, if so, whether its probative value outweighs the risks of prejudice attending its admission.").

### III. CONCLUSION

For the foregoing reasons, the Government's motion *in limine* is denied.

New Orleans, Louisiana, this 25th day of October, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE