UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | NO: 10-202 |
| STEVEN EARL HARDRICK | SECTION: R |

**ORDER AND REASONS**

Before the Court is the defendant's motion to order a DNA comparison and enter DNA into CODIS.[1] For the following reasons, defendant's motion is denied.

**I. BACKGROUND**

Steven Hardrick is under federal indictment charging him with, *inter alia*, multiple murders, a drug trafficking conspiracy, a conspiracy to posses firearms, carjacking resulting in death, and multiple counts of being a felon in possession of a firearm.[2]

The Government obtained a DNA sample from the scene of the Duane Landry murder. The Government then compared that DNA to Steven Hardrick's and Juda Derouen's DNA. The results excluded both Hardrick and Derouen.

---

[1] R. Doc. 169.

[2] R. Doc. 67.

**II. DISCUSSION**

The defense asks this Court to Order that the Government compare the DNA profile to Robert Hart's DNA profile and, in the alternative, to order local police officers to enter the DNA profile into CODIS.[3] The defense cites to no authority supporting its request. Instead, it simply asserts that if the Government were to conduct further DNA testing, that this information would be *Brady* or *Giglio* material. *See Brady v. Maryland*, 373 U.S. 83 (1963). But "*Brady* does not require the government to conduct a defendant's investigation or to assist in the presentation of the defense's case," *United States v. O'Keefe*, 119 Fed. App'x 589, 592 (5th Cir. 2004), nor does *Brady* "impose an affirmative duty upon the government to take action to discover information which it does not possess." *United States v. Beaver*, 524 F.2d 963, 966 (5th Cir. 1975). The Government has disclosed the results of its DNA test; therefore, the Government has not suppressed any information. *Kutzner v. Cockrell*, 303 F.3d 333, 336 (5th Cir. 2002) (holding that no evidence is suppressed when the Government discloses the evidence to the defense but did not do DNA testing).

Further, the Government may not compare Robert Hart's DNA with the DNA sample it found without showing probable cause. *Kohler v. Englade*, 470 F.3d 1104, 1109 n.4 (5th Cir. 2006) ("It

---

[3]  R. Doc. 169.

is undisputed that the collection of a saliva sample for DNA analysis is a search implicating the Fourth Amendment."); *United States v. Hardrick*, Criminal Action No. 10-202, 2012 WL 3860464, at *2 (E.D. La. Sept. 5, 2012). Use of the CODIS database is also restricted by privacy protection standards. The defense's request does not address either of these issues and the Government denies that it has probable cause to test Mr. Hart.[4] Finally, as the Government notes in its response, the defense's desire to create an "alternate suspect" theory is supported by the DNA report excluding Hardrick.[5]

Accordingly, defendant's request is denied.

III. **CONCLUSION**

For the foregoing reasons, the defendant's motion is denied.

New Orleans, Louisiana, this 25th day of October, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[4] R. Doc. 178 at 3.

[5] R. Doc. 178 at 3-4.