UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                              NO. 10-202

STEVEN EARL HARDRICK                       SECTION "R" (1)

## ORDER AND REASONS

Defendant Steven Hardrick moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1]   Upon review of the entire record, the Court has determined that this matter can be decided without an evidentiary hearing.   For the following reasons, the Court denies the motion.

## I.   BACKGROUND

On January 17, 2008, Steven Hardrick was charged with possession of a gun by a felon.[2]   Hardrick pleaded guilty before Judge Lemmon, and in 2009 she sentenced him to 64 months' imprisonment.[3]   In 2010, in a separate proceeding, Hardrick was charged with various crimes related to

---

[1]   R. Doc. 233.
[2]   *See* Docket No. 08-11, R. Doc. 1.
[3]   *See* Docket No. 08-11, R. Doc. 32.

drug dealing and multiple murders.[4]   In 2007, in a dispute over a firearm,
Hardrick shot a man twice in the head, killing him.[5]   Less than two weeks
later, Hardrick participated in the home invasion of an NOPD officer, during
which he shot and killed the officer and shot the officer's wife in the foot.[6]
Another two weeks later, Hardrick shot two men in the head during a drug
deal.[7]   Hardrick then proceeded to shoot and kill a witness who had been
driving by during his latest murder.[8]

Hardrick pleaded guilty to conspiring to distribute a quantity of
cocaine base and cocaine hydrochloride, causing death by use of a firearm,
carjacking resulting in death, and witness tampering resulting in death.[9]
This Court sentenced Hardrick to thirty years' imprisonment on March 20,
2013.[10]   Defendant now seeks to vacate his sentence, arguing that a
substantial change in the law requires his release.[11]   The government opposes
the motion.[12]

---

[4]     R. Doc. 1; R. Doc. 67.
[5]     *See* R. Doc. 219 at 5-8 (factual basis).
[6]     *See id.* at 8-10.
[7]     *See id.* at 10-12.
[8]     *See id.*
[9]     R. Doc. 218 (plea agreement); R. Doc. 217 (minute entry for
rearrangement).
[10]    *See* R. Doc. 229.
[11]    R. Doc. 233.
[12]    R. Doc. 244.

## II.   LEGAL STANDARD

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).  Only a narrow set of claims are cognizable on a Section 2255 motion.  The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.*  A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a Section 2255 motion is filed, the district court must first conduct a preliminary review.  "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ."  Rules Governing Section 2255 Proceedings, Rule 4(b).  If the motion raises a non-

frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Id.*, Rules 6-7.

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. *Id.*, Rule 8. An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the

outcome of the case.  *Id.* at 637-38 (citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* in a Section 2255 proceeding).  If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## III.  DISCUSSION

### A.  *Rehaif v. United States*

Defendant argues that his sentence should be vacated in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  In that case, a student obtained a visa to attend a university in the United States but was subsequently dismissed for poor grades.  When the student shot a gun at a firing range, the United States charged him with a violation of Section 922(g), which prohibits gun possession by certain categories of persons, including aliens illegally in the country and felons.  Rehaif argued that he had not violated Section 922(g), because he had no knowledge that his dismissal from the university invalidated his visa, and therefore no knowledge that he was in a prohibited category of persons.  The Supreme Court held that an element of a Section

922(g) gun-possession offense was that the defendant must know they fall within a prohibited class of persons.

Hardrick contends that this change in the law establishes that he was actually innocent, and that the Court should vacate his sentence. But this Court did not sentence Hardrick for a Section 922(g) offense. Rather, this Court sentenced defendant for conspiracy to distribute drugs, causing death through use of a firearm, carjacking resulting in death, and witness tampering resulting in death.[13] The Supreme Court's holding in *Rehaif* is therefore inapplicable here.

Defendant was convicted of a Section 922(g) offense by a separate court.[14] But defendant completed his sentence for that offense on November 19, 2012, years before *Rehaif* was decided and before this Court sentenced Hardrick.[15] *See Schurmann v. United States*, 658 F.2d 389, 391 (5th Cir. 1981) (holding that when a court imposes a separate sentence for a defendant already serving a federal sentence, the two sentences run consecutively barring a contrary pronouncement from the sentencing judge). When defendant has completed his term of imprisonment, a Section 2255 claim

---

[13]     *See* R. Doc. 229 at 1-2 (judgment).
[14]     *See* Case No. 08-11, R. Doc. 32.
[15]     *See* R. Doc. 244-1 and R. Doc. 244-2 (establishing that defendant finished his sentence for that crime on November 19, 2012).

challenging that term of imprisonment is moot. *See Garcia v. United States*, No. H-16-2632, 2018 WL 4574870, at *3 (S.D. Tex. Feb. 5, 2018) (collecting cases).

Even if defendant's Section 922(g) offense were at issue here, *Rehaif* would offer him no support. Courts routinely uphold Section 922(g) convictions post-*Rehaif* under plain-and-harmless-error review when the defendant has a history of convictions and has served time in prison. *See, e.g.*, *United States v. Young*, 2020 WL 33086, at *11 (D.N.M. Jan. 2, 2020) (collecting cases). Here, given that defendant served years in state prison for robbery and battery,[16] he cannot argue that he did not know he was a felon. And because defendant's Section 2255 motion is both moot and meritless, it must be denied.

## B.    Certificate of Appealability

When a district court enters a final order adverse to a petitioner under 28 U.S.C. § 2255, the court must issue or deny a certificate of appealability. Rules Governing Section 2255 Proceedings, Rule 11(a). A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner

---

[16]    *See* R. Doc. 233 at 28-29 ¶¶ 154-55.

to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack*, 529 U.S. at 484).

Hardrick's motion does not satisfy these standards. For the reasons stated in this Order, the Court finds that Hardrick's arguments do not amount to a substantial showing that his constitutional rights were compromised, nor would they engender any type of debate among reasonable jurists. Accordingly, the Court will not issue a certificate of appealability.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Hardrick's motion to vacate his sentence under 28 U.S.C. § 2255.  The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this ___11th___ day of May, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

9